UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMBER ROBLES,<br><br>       Petitioner,<br><br>       v.<br><br>WALTER MILLER, Warden,<br><br>       Respondent. | Case No. EDCV 12-00195-GAF (MLG)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES |

**I. Facts and Procedural History**

This petition for writ of habeas corpus was filed on February 7, 2012 pursuant to 28 U.S.C. § 2254. Petitioner Amber Robles claims that her trial counsel was ineffective in allowing her to plead guilty while under the influence of psychotropic medications and in failing to investigate Petitioner's competency. (Pet. at 6.)

The facts show that on December 14, 2009, Petitioner plead guilty in the Riverside County Superior Court to torture (Cal. Penal Code § 206), forcible sexual penetration (Cal. Penal Code § 289(a)(1)), assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), robbery (Cal. Penal Code § 211), residential burglary

(Cal. Penal Code § 459), and kidnaping (Cal. Penal Code § 207). On February 5, 2010, Petitioner was sentenced to a term of fifteen years to life. (Reporter's Transcript ("RT") at 3391.) Petitioner did not file a direct appeal to the California Court of Appeal.

Petitioner filed a petition for writ of habeas corpus in the Riverside County Superior Court on July 29, 2010, claiming ineffective assistance of counsel because her attorney "made me believe that takeing [sic] a plea was the only choice I had." (Lodgment 4.) On June 27, 2011, the petition was denied for failure to state a prima facie basis for relief, as the factual conclusions contained in the petition were not supported by specific details and were unsupported by the record. (Lodgment 5.)

Petitioner next filed a habeas corpus petition in the California Court of Appeal on July 15, 2011. She again claimed ineffective assistance because counsel caused Petitioner to think that she had to agree to the plea, and also because at the time of the plea, Petitioner was taking psychotropic medication and did not understand the consequences of signing the plea. (Lodgment 6). On August 30, 2011, the petition was denied because Petitioner had not provided the lower court record or other documentation in support of her claims. (Lodgment 8.)

On December 9, 2011, Petitioner apparently filed an application for review in the California Supreme Court. However, on December 14, 2011, the application was returned to Petitioner without being filed because it was untimely and the Court had lost jurisdiction to hear such an application pursuant to Cal. Rules of Court 8.500(e). (Lodgment 9.)

//

## II. Analysis

On April 20, 2012, Respondent filed an answer addressing the merits of the claims contained in the petition. Notwithstanding, the Court has determined that the claims in the petition have never been considered by the California Supreme Court.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a state prisoner's petition for writ of habeas corpus shall not be granted unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c); see also *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir. 1986) (citing *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979)). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose*, 455 U.S. at 518-19.

The exhaustion doctrine requires a petitioner to provide the state courts with one full opportunity to rule on her federal habeas claims before presenting those claims to the federal courts.

*O'Sullivan*, 526 U.S. at 844-45; *Insyxiengmay*, 403 F.3d at 667. A petitioner must alert the state courts to the fact that she is asserting a federal claim in order to fairly and fully present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Reynoso*, 462 F.3d at 1109; *Insyxiengmay*, 403 F.3d at 668. The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668.

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). While the Court may hold a mixed petition containing both exhausted and unexhausted claims in abeyance pending exhaustion of the unexhausted claims, this authority has not been extended to petitions that contain no exhausted claims. *Rasberry*, 448 F.3d at 1154.

Here, Petitioner has not exhausted either of her claims for relief in the instant petition in the California Supreme Court, by way of direct review or a petition for post-conviction relief. Petitioner raised her claim that counsel was ineffective in allowing her to plead guilty while under medication in the California Court of Appeal. (Lodgment 6.) While she attempted to appeal the court of appeal's denial of this claim to the California Supreme Court, that appeal was untimely and the supreme court never assumed jurisdiction over the case. Instead, the clerk of the court returned Petitioner's documents to her unfiled. (Lodgment 9.) Therefore, Petitioner's claim that counsel was ineffective in allowing her to plead guilty under

medication was never presented to the California Supreme Court and is unexhausted.

Petitioner's second claim, that counsel was ineffective due to his failure to investigate Petitioner's competency, was not presented in any of Petitioner's state habeas corpus petitions. Thus, this claim would be unexhausted even if Petitioner's application for review to the California Supreme Court had been timely.

**III. Order**

Because it appears that Petitioner did not present either of the claims presented in this petition to the California Supreme Court, the petition is subject to dismissal. However, Petitioner will be given the opportunity to address this issue. Accordingly, it is ORDERED that Petitioner show cause, on or before May 24, 2012, why this petition should not be dismissed without prejudice for failure to exhaust state remedies.

If Petitioner does not file a timely response to this order, the current petition will be subject to dismissal without prejudice and without further notice.

Dated: May 3, 2012

　　　　　　　　　　　　　　　　　　　／s／ Marc L. Goldman
　　　　　　　　　　　　　　　　　　　Marc L. Goldman
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge